UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ST PAULS EPISCOPAL CHURCH           CIVIL ACTION NO. 25-cv-095

VERSUS                              JUDGE S. MAURICE HICKS, JR.

TAMKO BUILDING PRODUCTS L L C       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

St. Paul's Episcopal Church filed this civil action in state court against TAMKO Building Products, LLC. TAMKO removed the case based on an assertion of diversity jurisdiction, which puts the burden on it to set forth specific allegations that show complete diversity of citizenship and an amount in controversy over $75,000. More information is needed with regard to the citizenship of TAMKO and Plaintiff.

TAMKO filed a Rule 7.1 Disclosure Statement in an attempt to set forth its citizenship. It alleged that it is "majority owned by" TAMKO Holdings, Inc., a Delaware corporation with its principal place of business in Kansas. TAMKO alleged that "[m]inority interests are held" by Midwest Flight Capital, Inc. (Delaware, Kansas) and CGP Tarpon Holdco, L.P. TAMKO alleged that TAMKO Holdings, Midwest Flight, and CGP Tarpon "hold 100% of the equity of TAMKO."

TAMKO alleged that CGP Tarpon is "wholly owned by" CGP Coinvestment AIV, LP; Carlyle Granite AIV-T, LP; and CGP AIV-T, LP. TAMKO collectively referred to these limited partnerships as the "Funds" and alleged that "the Funds are all managed by their general partner, CGP General Partner (DE-1), LP" and are "ultimately controlled by"

The Carlyle Group. TAMKO alleged that, as of the date the notice of removal was filed, "investors" in the Funds were citizens of either non-U.S. countries or of one of several states that do not include Louisiana.

The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

The relevant times for assessing the members of the LLC are (1) when the state court petition was filed *and* (2) the time of removal. Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) ("In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."). The current disclosure statement speaks only to the time of removal.

An allegation that an LLC is "wholly owned" by someone is not enough to allege citizenship with specificity. The party must set forth the members of the LLC, which may be different from owners in some states. SXSW, L.L.C. v. Fed. Ins. Co., 83 F.4th 405, 408

(5th Cir. 2023). Other vague expressions such as "minority interest," "investor," "controlled by," "equity," and the like are not sufficient to allege membership.

If a party or relevant entity is an LLC, each of its members must be clearly identified and their citizenship alleged. If a relevant entity, such as CGP Tarpon Holdco, L.P., is a partnership, then each of its partners—both general and limited—must be identified and their citizenship alleged. Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1994).

**TAMKO will be allowed until April 21, 2025 to file an amended Diversity Jurisdiction Disclosure Statement** that complies with the rules outlined above. It should identify its members and their citizenship both at the time the state court petition was filed and at the time the notice of removal was filed. Where a member is an LLC or a partnership, TAMKO should clearly allege the member(s) or partner(s) of each entity and their citizenship both at the time the state court petition was filed and at the time the notice of removal was filed.

Sometimes this obligation, when it comes to complex entities, is impossible or too burdensome to satisfy. Moran v. Gulf South Pipeline Co., LP, 2007 WL 276196 (W.D. La. 2007) (collecting cases that required specificity of limited partners despite there being thousands of them or their interests being miniscule); Masion v. Liberty Mut. Ins. Co., 2006 WL 1675378 (W.D. La. 2006) (requiring specificity even though partnership shares were publicly traded and identities of owners changed often based on trades). See also Mullins, 300 Fed. Appx. 259, 260 (5th Cir. 2008) (party's stated belief that none of the entities had members and partners in Texas "falls manifestly short of distinctly and affirmatively alleging [a partnership's] citizenship"). If that is the case, TAMKO may

notify the court that it is unable to satisfy its burden of establishing diversity jurisdiction, and the court will enter an order of remand.

Plaintiff also needs to establish its citizenship. A notice was entered on January 29, 2025 that set a deadline of February 12, 2025 for Plaintiff to file its diversity disclosure statement. Doc. 3. Plaintiff has not done so. **Plaintiff will be allowed until April 21, 2025 to file a Diversity Disclosure Statement** in accordance with the rules outlined in the notice.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of April, 2025.

Mark L. Hornsby
U.S. Magistrate Judge